# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9455 | **DATE** | 12/21/2004 |
| **CASE TITLE** | USA ex rel. Charles Stone vs. Gregory S. Lambert | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. The petition for habeas relief is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 22 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 12/21/2004 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| ETV | courtroom deputy's initials | Date/time received in central Clerk's Office | ETV mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA ex rel. CHARLES STONE, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 02 C 9455 |
| GREGORY S. LAMBERT, Warden | ) ) | Judge Rebecca R. Pallmeyer |
| Respondent. | ) ) | |

**DOCKETED**
DEC 2 2 2004

## MEMORANDUM OPINION AND ORDER

On March 27, 1998 Petitioner Charles Stone was convicted by a jury of aggravated criminal sexual abuse and sentenced to a 15-year term of imprisonment. He filed an unsuccessful appeal to the Illinois Appellate Court, (Order of Illinois Appellate Court, No. 1-98-1780, June 30, 1999, Ex. D to Respondent's Answer), and the Illinois Supreme Court denied his petition for leave to appeal. (Order of the Illinois Supreme Court, No. 87998, Oct. 6, 1999, Ex. F to Respondent's Answer.) On March 21, 2000, Petitioner filed a petition for post-conviction relief pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq*, but the circuit court dismissed that petition as "frivolous and patently without merit." (Order of Circuit Court of Cook County, No. 96-CR-31024, April 18, 2000, Ex. H to Respondent's Answer.) On appeal from that order, Petitioner raised just one challenge: that the Act granting the circuit court power to dismiss his post-conviction petition was passed in violation of the single-subject clause of the Illinois Constitution. In an unpublished order, the appellate court affirmed the dismissal of the petition for post-conviction relief. (Order of the Illinois Appellate Court, No. 1-00-1702, March 11, 2002, Ex. L to Respondent's Answer.) Finally, Petitioner filed a petition for leave to appeal on these grounds to the Illinois Supreme Court, which was again denied. (Order of the Illinois Supreme Court, No. 93485, Dec. 5, 2002, Ex. N to Respondent's Answer.)

Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition,

he claims that his due process rights were violated by the prosecutor's refusal to disclose signed statements by the alleged victim that, Petitioner claims, contradict her trial testimony. In addition, Petitioner argues that his trial counsel was ineffective for failing to file pretrial motions on his behalf, failing to object to the state's dismissal of the battery charge, failing to call a "vital" witness, and due to a "conflict of interest [that] kept [counsel] from investigating the case, and [left him] unprepared." (Section 2254 Petition, at 6.) Finally, Petitioner alleges that the jury instructions were confusing and "all in favor of the state's case," and that the judge "neglected his duty to be impartial." (*Id.* at 7.) For the reasons explained below, the petition is denied.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act, a prisoner is entitled to a writ of habeas corpus if he is being held pursuant to a state court judgment obtained in violation of the United States Constitution. 28 U.S.C. § 2254. Prior to a federal court considering a habeas petition on the merits, the petitioner must first: "(1) exhaust all remedies available in state courts . . . and (2) fairly present any federal claims in state courts first, or risk procedural default." *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996) (citations omitted). A federal habeas petitioner cannot proceed in federal court until he has given the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Moreover, it is not sufficient for the petitioner simply to have merely been through a full-round of state court appeals; rather, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Picard v. Connor*, 404 U.S. 270, 276 (1971) (citations omitted); *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999). In other words, a petitioner is required to set forth his claims "in such a way as to fairly alert the state court to any applicable [federal] constitutional grounds for the claim." *Bocian*, 101 F.3d at 469 (citations omitted). A petitioner for habeas relief must submit "both the

2

operative facts and the controlling legal principles of a constitutional claim" before properly seeking habeas review in the federal courts. *Id.*

In the present case, Petitioner has failed to give the Illinois state courts one full opportunity to hear any of the three claims raised in his § 2254 petition. None of Petitioner's current claims for habeas relief were raised in his direct appeal. Petitioner did raise some or all of these issues in his post-conviction petition in state court, but he did not include them in his appeal from the trial court's denial of that petition, nor in his petition for leave to appeal to the Illinois Supreme Court. Thus, Petitioner did not give the Illinois state courts a full and fair opportunity to resolve his constitutional claims by raising these claims through one full round of the appellate process.

Because he failed to give the state courts an opportunity to resolve these issues, a federal court will not review the merits of his habeas petition unless Petitioner demonstrates cause for the default and actual prejudice as a result of the failure, or demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002) (citing *Rodriguez*, 193 F.3d at 917). Here, Petitioner cites no cause for his failure to properly raise the claims in the state courts, nor does the evidence suggest that a fundamental miscarriage of justice has occurred. A "fundamental miscarriage of justice" occurs when, absent the constitutional violation, "it is more likely than not that no reasonable juror would have convicted him." *Murray v. Carrier*, 477 U.S. 478, 492 (1986) (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Petitioner provides no evidence suggesting that the alleged constitutional errors were of such a magnitude. For these reasons, the petition for habeas relief is denied.

ENTER:

Dated: December 21, 2004

REBECCA R. PALLMEYER
United States District Judge